UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

VICTOR A. GONSALVES,

        Plaintiff,

    v.

CONSECO INSURANCE COMPANY, formerly known as CONSECO ANNUITY ASSURANCE COMPANY, CONSECO SERVICES, LLC, CONSECO MARKETING, LLC, DARIN LUCAS, and DOES 1 to 200 inclusive,

        Defendants.

NO. CIV. S-06-0058 WBS KJM

ORDER RE: MOTION FOR SUMMARY JUDGMENT

----oo0oo----

        Currently before the court is defendant[1] Darin Lucas' motion for summary judgment with respect to plaintiff Victor A. Gonsalves' claims of defamation and intentional infliction of emotional distress.

I.    Factual and Procedural Background

        On or about May 4, 1999, plaintiff entered into a written contract with defendant Conseco Marketing, LLC to work as an independent contractor selling insurance and annuity policies

---

[1] Unless otherwise noted, "defendant" will be used throughout this order to identify Darin Lucas.

1

and certificates.  (Compl. ¶ 102; Ex. 1 at 19, 22.)  Defendant is an insurance broker under whom plaintiff worked as a subproducer.  (Lucas Decl. ¶ 5.)  Plaintiff was terminated from his employment without cause on or about June 15, 2003.  (Id. ¶ 16.)  Defendant contends that because one of plaintiff's clients had terminated his policy and returned money to plaintiff, and because defendant himself had overpaid plaintiff by entering three payments for one transaction, plaintiff is in possession of monies that rightfully belong to defendants.  (Lucas Decl. ¶ 13.)  Defendant subsequently sent plaintiff a demand for payment in the amount of $13,718.70 for an outstanding debit balance.  (Compl. ¶ 16.)  Plaintiff responded by disputing the alleged debt, and now contends that the balance is inflated and that the value of his "counterclaims" (assumedly, the value of the claims in this suit) is likely to be in excess of the amount of the debt.  (Compl. ¶¶ 17, 21.)

       At some point during this dispute, defendant received notice from the Debt Management Unit at Conseco Annuity Assurance that he was required to pay off his debit balance.  (Lucas Decl. ¶¶ 5, 18.)  On May 27, 2004, defendant posted plaintiff's name and social security number onto a website maintained by Vector One, a company that permits subscribers to report an insurance agent who left employment with an outstanding debit balance for commissions.  (Lucas Decl. ¶¶ 21, 19; Def.'s Mot. for Summ. J. Ex. G (Letter from President of Vector One).)

       On or about January 27, 2005, a prospective employer plaintiff had contacted found plaintiff's name on the Vector One website and informed plaintiff that he was listed on the website.

1  (Gonsalves Decl. ¶ 7.)  On February 16, 2005, plaintiff filed a
2  complaint in Placer County Superior Court alleging defamation.
3  (Def.'s Mot. for Summ. J. 4; Gonsalves Decl. ¶ 15.)  Plaintiff
4  voluntarily dismissed his lawsuit without prejudice on September
5  26, 2005 against the Conseco defendants and on October 31, 2005
6  against defendant Lucas; he asserts that this dismissal was
7  prompted by the trial court's erroneous rulings.  (Id. ¶ 19.)  In
8  his declaration, plaintiff states that the trial court later
9  dismissed the lawsuit with prejudice for failure to timely file
10 an amended complaint, and that the trial court's dismissal with
11 prejudice is currently on appeal.  (Id. ¶ 20.)

12         On December 7, 2005, plaintiff filed a new complaint in
13 California Superior Court for the County of Sacramento against
14 defendants Conseco Insurance Co. (formerly known as Conseco
15 Annuity Assurance Co.), Conseco Services, LLC, Conseco Marketing,
16 LLC, Darin Lucas, and Does 1 through 200. (Compl.)  In that
17 complaint, plaintiff alleged the following causes of action: (1)
18 defamation, (2) intentional infliction of emotional distress, and
19 (3) breach of contract.  (Id.)  The first two causes of action,
20 defamation and intentional infliction of emotional distress, are
21 based on the alleged debit balance and posting of plaintiff's
22 information on the Vector One website.  (See id.)  On January 9,
23 2006, defendants removed the action to federal court on the basis
24 of diversity jurisdiction.  (Defs.' Notice of Removal.)

25         Defendant Lucas now moves for summary judgment under
26 Federal Rule of Civil Procedure 56 with respect to plaintiff's
27 claims of defamation and intentional infliction of emotional
28 distress.  Defendant argues that plaintiff's defamation claim is

3

1 barred by the statute of limitations, that the allegedly
2 defamatory statement is true, and that the publication of the
3 statement is protected under California's common-interest
4 privilege.  Defendant additionally argues that plaintiff's
5 intentional infliction of emotional distress claim fails because
6 the underlying defamation claim fails, and also because plaintiff
7 cannot demonstrate all of the elements of the claim as a matter
8 of law.

II. <u>Discussion</u>

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A material fact is one that could affect the outcome of the suit, and a genuine issue is one that could permit a reasonable jury to enter a verdict in the non-moving party's favor.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact and can satisfy this burden by presenting evidence that negates an essential element of the non-moving party's case.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986).  Alternatively, the movant can demonstrate that the non-moving party cannot provide evidence to support an essential element upon which it will bear the burden of proof at trial.  <u>Id.</u>  Any inferences drawn from the underlying facts must, however, be

4

viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The substantive law governing a case determines the materiality of a fact. T.W. Elec. Serv., Inc. v. P. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). The parties do not dispute that California law applies. (Def.'s Mot. for Summ. J. 3; Pl.'s Opp'n to Mot. for Summ. J. 8.)

    A.   Plaintiff's Defamation Claim

Under California law, there is a one year statute of limitations for tort claims such as defamation. Cal. Code. Civ. Pro. § 340(c); see also Shively v. Bozanich, 31 Cal. 4th 1230, 1246 (2003). The statute of limitations period for defamation claims begins running "when the cause of action accrues," which is when the statement at issue is published. Id.; see also Traditional Cat Ass'n v. Gilbreath, 118 Cal. App. 4th 392, 402-03 (2004). Internet publications, like newspaper publications, are subject to the single publication rule, under which publication occurs when an allegedly defamatory statement was first posted on the internet or published in a newspaper. Gilbreath, 118 Cal. App. 4th at 403-04. Under this rule, each subsequent viewing of the posting does not count as a new publication. Id. at 404.

However, "a party has a cause of action for libel each time the defamatory matter is published, even if the originator of the defamatory matter did not republish the defamatory matter, as long as republication should have been reasonably foreseeable by the originator." Schneider v. United Airlines, 208 Cal. App. 3d 71, 77 (1989). The court in Schneider applied this reasonable foreseeability test to a defendant who had supplied information

5

to a credit reporting agency. Id. at 78. The court concluded that this foreseeability exception to the single publication rule applied, and held that each time the credit information was republished, the plaintiff suffered a new injury and accrued a new cause of action. Id.

Here, defendant's publication of the allegedly defamatory statement occurred on May 27, 2004. Plaintiff contends that the information was republished on or about January 27, 2005, when a prospective employer checked the Vector One report. (Gonsalves Decl. ¶ 7.) The purpose of the Vector One website was to allow subscribers to report former employees who left employment with outstanding debit balances; prospective employers could then run a credit check on a prospective employee through the Vector One website. Defendant originated publication with the knowledge that republication was reasonably foreseeable, and as in Schneider, reasonably foreseeable republication generates a new cause of action for defamation. Therefore, when defendant filed this lawsuit on December 7, 2005, the one-year statute of limitations had not run.

Alternatively, defendant moves for summary judgment on plaintiff's defamation because the published information was true. Truth is an absolute defense to a claim for defamation. Smith v. Maldonado, 72 Cal. App. 4th 637, 648 (1999). Defendant proffers plaintiff's commission statement as evidence of the existence and amount of the debt. (Def.'s Mot. for Summ. J. Ex. C.) Additionally, defendant's posting to the website indicated only that plaintiff owed a debt to First Annuity and Ins. Marketing, Co.--the amount was not specified. Because there is

6

no evidence that the amount of a debt is reported on Vector One, plaintiff's argument that the amount of the debt owed is disputed is immaterial.[2]  However, plaintiff additionally argues that the information on the website indicated that he owed a debt to First Annuity and Ins. Marketing, Co. and another debt to Conseco Insurance Companies, which would mean that the same debt was incorrectly listed twice on the website.

If defendant posted information about a debt owed to First Annuity and Ins. Marketing, Co. after that debt had already been posted by Conseco Insurance Companies, then defendant's posting was duplicative and made in error.  However, neither plaintiff nor defendant has provided evidence to show conclusively whether the debt was listed twice on the website in error, or whether a debt with Conseco Insurance Companies had already been listed on the Vector One website at the time defendant posted a debt owed to First Annuity and Ins. Marketing, Co.  Therefore, there appears to be a genuine dispute of material fact as to the truth of defendant's statement, and the court cannot grant summary judgment as to the defamation claim on these grounds.

Defendant additionally argues that the communications were subject to the common interest privilege for defamation claims, pursuant to California Civil Code § 47(3).  Under this provision, a communication is privileged when made between a

---

[2]  Moreover, although plaintiff cites to Exhibit 2 of his declaration for this proposition, this exhibit is a letter from Ann Beagle of the Debt Management Unit of Conseco Insurance Group, in which she informs Mr. Gonsalves that he owes the amount defendant contends he owes, or $13,718.70. (Gonsalves Decl. Ex. 2.)

7

communicator and a recipient with a common interest in order to further that interest, as long as the publication was not motivated by malice.  See Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co., 173 F.3d 725, 735 (9th Cir. 1999) (explaining that, under California law, the common interest privilege "immunizes a person's statement to others on matters of common interest from liability in tort, provided that the person did not act with malice").  A defendant asserting the common interest privilege bears the burden of demonstrating that the privilege applies.  Lundquist v. Reusser, 7 Cal. 4th 1193, 1208, 1210 (1994).  "[T]o be protected [under the common interest privilege,] the communication must be one 'reasonably calculated to further that interest.'"  Cuenca v. Safeway S.F. Employees Fed. Credit Union, 180 Cal. App. 3d 985, 996 (1986).  Additionally, "[i]n determining whether a defendant may take advantage of the privilege, it has been held that malice may be inferred if the defendant does not have reasonable or probable cause to believe his statement to be true."  Stationers Corp. v. Dun & Bradstreet, Inc., 62 Cal. 2d 412, 418 (1965).

In the employment context, the privilege has been applied to communications by employers about the conduct of an employee that may otherwise reflect upon the employer or affect relations with existing employees. See Deaile v. Gen. Tel. Co. of Cal., 40 Cal. App. 3d 841, 846 (1974) (finding the disclosure of "the factors surrounding [the] plaintiff's forced retirement" privileged when they "were only disseminated in an effort to preserve employee morale and job efficiency").  In Pavlovsky v. Bd. of Trade of S.F., 171 Cal. App. 2d 110, 113 (1959), the

8

1 privilege was extended to an unincorporated association that
2 specifically had a clear purpose to provide for joint action by
3 all of its members in dealing with financially embarrassed or
4 insolvent debtors," and a constitution and by-laws that supported
5 that purpose.

6      Here, defendant contends that Vector One and the
7 insurance industry had a common interest in reporting information
8 about agents who left their prior company with a debit balance so
9 that prospective employees could be screened effectively.
10 However, unlike the organization in <u>Pavlovsky</u>, there is no
11 evidence presented here of Vector One's purpose, and it is
12 unclear whether Vector One has a purpose other than to secure its
13 <u>own</u> commercial gain through providing a service that insurance
14 companies would find useful. Moreover, as discussed <u>supra</u>,
15 information about the same debt may have been posted twice; if
16 so, defendant would not have had reasonable cause to believe the
17 statements were true. Because defendant has not established that
18 he shares a common interest with Vector One and plaintiff has
19 successfully raised the inference of malice, there is a genuine
20 issue of material fact as to whether the common interest
21 privilege applies.

22     B.   <u>Plaintiff's Intentional Infliction of Emotional</u>
23        <u>Distress Claim</u>

24      A related claim in the complaint is intentional
25 infliction of emotional distress as a result of the defamation.
26 The elements of a claim for intentional infliction of emotional
27 distress are as follows: "(1) extreme and outrageous conduct by
28 the defendant with the intention of causing, or reckless

9

disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." Ess v. Eskaton Props., Inc., 97 Cal. App. 4th 120, 129 (2002) (quoting Cervantez v. J.C. Penney Co., 24 Cal. 3d 579, 593, 156 (1979)).

Plaintiff's claim is that his former employer posted his information on a website containing information about former insurance agents who owed a debt to their former employers, and thereby intentionally caused him distress.  Defendant attempts to counter this claim by stating that he harbored no malice toward plaintiff and was merely reporting a debt he had a right to report.  These unsupported allegations are insufficient to satisfy defendant's burden of presenting evidence to negate an essential element of this claim, or to demonstrate that plaintiff will not be able to present any evidence at trial on any element on which he bears the burden of proof. Celotex, 477 U.S. at 322-23.  Therefore, the court cannot grant summary judgment on this claim.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment with respect to the claims of defamation and intentional infliction of emotional distress be, and the same hereby is, DENIED.

DATED:  May 22, 2006

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE