UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

VICTOR A. GONSALVES,

        NO. CIV. S-06-0058 WBS KJM

    Plaintiff,

        ORDER RE: MOTION FOR SUMMARY JUDGMENT; MOTION FOR RECONSIDERATION; AND CROSS-MOTION FOR SUMMARY JUDGMENT

    v.

CONSECO INSURANCE COMPANY, formerly known as CONSECO ANNUITY ASSURANCE COMPANY, CONSECO SERVICES, LLC, CONSECO MARKETING, LLC, DARIN LUCAS, and DOES 1 to 200 inclusive,

    Defendants.

----oo0oo----

Currently before the court are both defendants'[1] motions for summary judgment, defendant Lucas' motion for

---

[1] There are four named defendants in this action. To avoid confusion the court will use the following abbreviated names throughout this order to identify the defendants: (1) defendants (a) Conseco Insurance Company, formerly known as Conseco Annuity Assurance Company, (b) Conseco Services, LLC, and (c) Conseco Marketing, LCC, will collectively be referred to as Conseco; and (2) defendant Darin Lucas will be referred to as Lucas.

1

reconsideration of a previous order of this court, and plaintiff Victor A. Gonsalves' cross-motion for summary judgment on his first cause of action and defendant Conseco's contractual counterclaim.

I.   Factual and Procedural Background

On or about May 4, 1999, plaintiff entered into a written contract with defendant Conseco to work as an independent contractor selling insurance and annuity policies and certificates. (Compl. ¶ 102; Conseco's Mot. for Summ. J. Ex. 1.) Lucas is an insurance broker under whom plaintiff worked as a subproducer. (Lucas Decl. ¶ 5.) Plaintiff was terminated from his employment without cause on or about June 15, 2003. (Conseco's Mot. for Summ. J. Ex. 18.) Defendants contend that because one of plaintiff's clients had terminated his policy and plaintiff did not return the commission, and because defendants themselves had overpaid plaintiff by entering three payments for one transaction, plaintiff is in possession of monies that rightfully belong to defendants. (Wilson Decl.; Lucas Decl. ¶ 13.) Conseco subsequently sent plaintiff a demand for payment in the amount of $13,718.70 for an outstanding debit balance. (Compl. ¶ 16; Conseco's Mot. for Summ. J. Ex. 22; Gonsalves Opp'n Decl. Ex. 2.) A copy of the demand was sent to Lucas. (Id.) Plaintiff responded by disputing the alleged debt, and now contends that the balance is inflated and that the value of his "counterclaims" (assumedly, the value of the claims in this suit) is likely to be in excess of the amount of the debt. (Compl. ¶¶ 17, 21.)

///

1          At some point during this dispute, Lucas received
2 notice from the Debt Management Unit at Conseco Annuity Assurance
3 that he was required to pay off plaintiff's debit balance.
4 (Lucas Decl. ¶¶ 5, 18; Conseco's Mot. for Summ. J. Exs. 19, 22)
5 On May 27, 2004, Lucas posted plaintiff's name and social
6 security number onto a website maintained by Vector One, a
7 company that permits subscribers to report an insurance agent who
8 left employment with an outstanding debit balance for
9 commissions.  (Lucas Decl. ¶¶ 21, 19; Lucas Reply Ex. G (Letter
10 from President of Vector One).)  Conseco also posted plaintiff's
11 name and social security number onto Vector One around January
12 19, 2005.  (Wilson Decl. ¶ 52.)
13          On or about January 27, 2005, a prospective employer
14 found plaintiff's name on the Vector One website and informed
15 plaintiff that he was listed on the website.  (Gonsalves Mot. for
16 Summ. J. Decl. ¶ 11.)  On February 16, 2005, plaintiff filed a
17 complaint in Placer County Superior Court alleging defamation.
18 (Lucas' Mot. for Summ. J. 4; Gonsalves Decl. ¶ 15.)  Plaintiff
19 voluntarily dismissed his lawsuit without prejudice on September
20 26, 2005, against Conseco and on October 31, 2005, against Lucas.
21 He now asserts that this dismissal was prompted by the trial
22 court's erroneous rulings.  (Gonsalves Decl. ¶ 19.)  Plaintiff
23 states that the trial court later dismissed the lawsuit with
24 prejudice for failure to timely file an amended complaint, and
25 that the trial court's dismissal with prejudice is currently on
26 appeal.  (Id. ¶ 20.)
27          On December 7, 2005, plaintiff filed a new complaint in
28 California Superior Court for the County of Sacramento against

3

defendants. (Compl.)  In that complaint, plaintiff alleged the following causes of action: (1) defamation; (2) intentional infliction of emotional distress; and (3) breach of contract. (Id.)  The first two causes of actions action, defamation and intentional infliction of emotional distress, are filed against both Conseco and Lucas, and are based on the alleged debit balance and posting of plaintiff's information on the Vector One website. (See id.)  The third cause of action is filed only against Conseco. (Id.)  On January 9, 2006, defendants removed the action to federal court on the basis of diversity jurisdiction. (Defs.' Notice of Removal.)  On March 17, 2006, Conseco filed a counterclaim against plaintiff for breach of contract to recover the alleged debt. (Answer 15-17.)

On March 31, 2006, defendant Lucas moved for summary judgment with respect to plaintiff's claims of defamation and intentional infliction of emotional distress. Defendant Lucas argued that plaintiff's defamation claim was barred by the statute of limitations, that the allegedly defamatory statement was true, and that the publication of the statement was protected under California's common-interest privilege. Defendant additionally argued that plaintiff's intentional infliction of emotional distress claim should fail because the underlying defamation claim fails, and also because plaintiff could not demonstrate all of the elements of the claim as a matter of law. On May 22, 2006, this court denied defendant Lucas' motion. (May 22, 2006 Order.)

Defendants Conseco and Lucas now move for summary judgment and defendant Lucas moves for reconsideration of the

4

1 court's May 22, 2006, Order.  Defendants argue that plaintiff's
2 defamation claim fails because the alleged defamatory statement
3 is true, the alleged statement was not defamatory, and plaintiff
4 cannot prove special damages.  Defendants argue that the
5 intentional infliction of emotional distress claim fails because
6 the underlying defamation claim fails and even if defamatory, the
7 statement is not outrageous.  Conseco argues that the breach of
8 contract claim is barred by the statute of limitations,
9 contradicts prior deposition testimony, is based on inadmissible
10 hearsay, is based on conduct by an entity that is not a defendant
11 to this action, is conclusory, is factually unsupported, and
12 fails to show that plaintiff was prevented from performing his
13 contract.  Lucas moves for reconsideration of the court's
14 previous order on the basis of new evidence that shows that Lucas
15 reported plaintiff to Vector One prior to Conseco's report.

16          Plaintiff moves for summary judgment on his first cause
17 of action and Conseco's counterclaim.  Plaintiff argues that he
18 has conclusively proved his defamation because Conseco and Lucas
19 each reported him to Vector One.  Plaintiff argues that Conseco's
20 counterclaim is barred by the statute of limitations.

21 II.  Discussion

22          Summary judgment is proper "if the pleadings,
23 depositions, answers to interrogatories, and admissions on file,
24 together with the affidavits, if any, show that there is no
25 genuine issue as to any material fact and that the moving party
26 is entitled to judgment as a matter of law."  Fed. R. Civ. P.
27 56(c).  A material fact is one that could affect the outcome of
28 the suit, and a genuine issue is one that could permit a

5

1  reasonable jury to enter a verdict in the non-moving party's
2  favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248
3  (1986).  The party moving for summary judgment bears the initial
4  burden of establishing the absence of a genuine issue of material
5  fact and can satisfy this burden by presenting evidence that
6  negates an essential element of the non-moving party's case.
7  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
8  Alternatively, the movant can demonstrate that the non-moving
9  party cannot provide evidence to support an essential element
10 upon which it will bear the burden of proof at trial.  Id.

11        Once the moving party meets its initial burden, the
12 non-moving party must "go beyond the pleadings and by her own
13 affidavits, or by 'the depositions, answers to interrogatories,
14 and admissions on file,' designate 'specific facts showing that
15 there is a genuine issue for trial.'"  Id. at 324 (quoting Fed.
16 R. Civ. P. 56(e)).  The non-movant "may not rest upon . . . mere
17 allegations or denials of the adverse party's pleading . . . ."
18 Fed. R. Civ. P. 56(e); Valandingham v. Bojorquez, 866 F.2d 1135,
19 1137 (9th Cir. 1989).  However, any inferences drawn from the
20 underlying facts must be viewed in a light most favorable to the
21 party opposing the motion.  Matsushita Elec. Indus. Co., Ltd. v.
22 Zenith Radio Corp., 475 U.S. 574, 587 (1986).  Additionally, the
23 court must not engage in credibility determinations or weigh the
24 evidence, for these are jury functions.  Anderson, 477 U.S. at
25 255.

26        The plaintiff movant "must establish beyond
27 peradventure all of the essential elements of the claim or
28 defense to warrant judgment in his favor."  Fontenot v. Upjohn

Co., 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original); see also Arnett v. Myers, 281 F.3d 552 (6th Cir. 2002) ("a substantially higher hurdle must be surpassed, particularly where . . . the moving party bears the ultimate burden of persuasion . . . at trial").

   A.   Plaintiff's First Cause of Action: Defamation
      1.   Defendant Conseco's Motion

Truth is an absolute defense to a claim for defamation. Smith v. Maldonado, 73 Cal. App. 4th 637, 648 (Cal. Ct. App. 1st Dist. 1999). Conseco admits posting plaintiff's identifying information to Vector One around January 19, 2005. (Wilson Decl. ¶ 52.) Conseco's posting to the website indicated that plaintiff owed a debt to Conseco Insurance Companies, but the amount was not specified. Conseco proffers plaintiff's commission statements as evidence of the existence and amount of the debt. (Wilson Decl.; Conseco's Mot. for Summ. J. Exs. 3-15.)[2]

Plaintiff argues that the information posted by Conseco was untruthful for the reasons that (1) plaintiff had a valid setoff against Conseco which effectively negated the debt, (2) the statute of limitations had run on the debt, and (3) the information on the Vector One website falsely indicated that plaintiff owed a debt to Conseco Insurance Companies and another to First Annuity and Insurance Marketing, Co.

///
///

---

[2] Because there is no evidence that the amount of a debt is reported on Vector One, plaintiff's argument that the amount of debt owed is disputed is immaterial.

7

### a. Plaintiff's alleged setoff

Plaintiff has never satisfactorily explained to this court the nature of his alleged setoff or why it constituted a valid claim against Conseco. Even if he had a valid setoff, it would not have changed the fact that he did in fact owe a debit balance to Conseco for commissions. Conseco's posting to Vector One was therefore correct.

### b. Statute of Limitations

Plaintiff's argument that his debt to Conseco was barred by the statute of limitations is based on the argument that the date from which the statute should run is the date the debt accrued. (Pl.'s Mot. for Summ. J. 3-4.) According to the plaintiff, this date is April 21, 2000, the date the debt of $13,718.70 first appeared on his statements. However, plaintiff remained under contract with Conseco until June 15, 2003. (Conseco's Mot. for Summ. J. Ex. 18.) The contract specifically required that upon its termination, that all sums due to Conseco would be immediately paid.[3] The fact that the debt was incurred in April, 2000 does not commence the running of the statute of limitations for breach of contract since the contract between plaintiff and Conseco was still in force.

Conseco's attempts to collect the debt by sending threatening notes in August and October 2001 did not accelerate the date the statute of limitations began to run. (Id. Exs. 16,

---

[3] Specifically, "After termination of this Agreement, any monies owed to the Company or any Conseco Company under the terms of this Agreement shall immediately be payable to the Company or Conseco Company. Any debt unpaid within (30) days thereof shall accrue at the legal rate." (Conseco's Mot. for Summ. J. Ex. 1, 6.)

8

17.) Conseco threatened to terminate the contract if the debt was not repaid within 30 days, which was Conseco's prerogative under Article IX(1)(a) of the contract.  Conseco, however, did not exercise this right until May, 2003. (Id. Ex. 18.)  The applicable period of limitations was four years.  CAL CIV. PROC. CODE § 337(1) (2001).[4]  Conseco's posting on January 19, 2005, was less than four years from the date its claim would have accrued.  Therefore, plaintiff's debt to Conseco had not been extinguished by the statute of limitations at the time it was posted to Vector One.

      c. <u>Posting of debt to two different entities</u>

Lucas has now made it clear that its posting to Vector One preceded Conseco's posting.  Plaintiff's argument is that by posting the debt to Conseco after the alleged debt to First Annuity had already been posted, Conseco made it appear that plaintiff actually owed two separate debts, which was false.  Whether Conseco's posting would have created that impression in a reasonable reader is a question of fact that must be resolved by the trier of fact. Hughes v. Hughes, 122 Cal. App. 4th 931, 936 (Cal. Ct. App. 2d Dist. 2004)("Whether a statement is true or substantially true may depend on how the statement is understood."); Maidman v. Jewish Publicans, Inc., 54 Cal. 2d 643, 651 (Cal. 1960)(if a statement can reasonably have been understood to make a defamatory charge, which is a legal issue,

---

[4] Although Article XII of the contract explicitly states that "this agreement and any amendments hereto shall be governed by and construed accordance with the laws of the State of Indiana," all parties agree that the California statute of limitations applies. See Ashland Chemical Company v. Provence, 129 Cal. App. 3d 790, 795 (1982).

9

"it is for the trier of fact to determine if the readers did so understand it.").

For that reason, Conseco's motion for summary judgment on plaintiff's First Cause of Action for defamation must be denied.

2.  Defendant Lucas' Motions

This court previously denied Lucas' motion for summary judgment because "neither the plaintiff nor the defendant has provided evidence to show conclusively whether the debt was listed twice on the website in error, or whether a debt with Conseco Insurance Companies had already been listed on the Vector One website at the time defendant posted a debt owed to First Annuity and Ins. Marketing, Co." (May 22, 2006 Order.)  Lucas has now shown that he was the one who first reported plaintiff to Vector One. (Lucas' Mot. for Recons. & Summ. J. 3-4).  However, that does not change the court's previous ruling because there is still a disputed issue of material fact concerning the truthfulness of Lucas' statement to Vector One.

Lucas' report to Vector One indicates that plaintiff owed a debt to First Annuity and Ins. Marketing, Co.  (Hurricane Decl. ¶ 7; Pl.'s Response to Def. Lucas' Statement of Undisputed Facts No. 1.)  However, the evidence proffered by Conseco shows that plaintiff owed a debt to Conseco, not Lucas.  Lucas argues that the fact that plaintiff's debt was transferred by Conseco to Lucas per Lucas' contractual obligations with Conseco justifies his report to Vector One. (Lucas' Reply 3-4.)  However, Lucas does not conclusively prove that contractually obligates plaintiff to pay the debt to him rather than to Conseco, nor does

10

he cite any authority for the proposition that he, rather than Conseco, had a legal right to collect the debt and report plaintiff to Vector One. Because Lucas has not conclusively established that plaintiff owed a debt to First Annuity, a material disputed fact still remains as to the truth of Lucas' statement.[5]

### 3. Plaintiff's Motion

Plaintiff also moves for summary judgment on his defamation claim. (Pl.'s Mot. for Summ. J. 5.) Plaintiff argues that because the defendants twice reported plaintiff for the same debt, defendants' publications are "clearly" defamatory. (Id.) As discussed above, a dispute of a material fact remains as to whether Lucas' report to Vector One was truthful and whether Conseco's statement created the misleading impression that plaintiff owed two separate debts instead of one. Plaintiff does not meet his heightened burden to prove that defendants' statements were false and, if false, rose to the level of libel. Fontenot, 780 F.2d at 1194. Accordingly, the court will deny plaintiff's motion for summary judgment on the defamation claim.

### B. Plaintiff's Second Cause of Action: Intentional Infliction of Emotional Distress

The elements of a claim for intentional infliction of emotional distress are: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2)

---

[5] Plaintiff is not required to prove special damages on his defamation claim because as a statement which tends to injure him in his occupation it is a claim for defamation per se. CAL CIV. CODE § 45 (2001).

11

the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." Ess v. Eskaton Props., Inc., 97 Cal. App. 4th 120, 129 (Cal. Ct. App. 3d Dist. 2002) (quoting Cervantez v. J.C. Penney Co., 24 Cal. 3d 579, 593, 156 (Cal. 1979)).

Conseco, with whom Lucas joins, also argues for summary judgment on the ground that plaintiff's claim cannot reasonably be construed to meet the outrageousness required for an actionable claim. (Conseco's Mot. for Summ. J. 15-16.) Defendants cite two cases in the employment context in which former employee's claims for intentional infliction of emotion distress were dismissed for not rising to the level of outrageousness to make an actionable claim. (Id., (citing Schneider v. TRW, Inc., 938 F.2d 986, 992 (9th Cir. 1991.); King v. AC&R Advertising, 65 F.3d 764, 769 (9th Cir. 1995).) However, in both those cases, the employee's other claims were also dismissed on the basis of a summary judgment motion, none of which involved defamation. Here, the court will not dismiss the defamation claim. The court cannot say as a matter of law that no reasonable juror could find defendants' conduct to be extreme or outrageous, or that no reasonable juror could find that plaintiff suffered severe or extreme emotional distress as result of defendants' actions.

C.   Plaintiff's Third Cause of Action: Breach of Contract

Plaintiff's third cause of action, for breach of contract, is filed only against Conseco. Conseco argues that this claim for breach of contract is barred by the statute of

12

limitations. The relevant statute of limitations for a breach of contract suit is four years. Plaintiff argues that Conseco breached its contract because it prevented him from performing his contract when Conseco took on debt from its parent corporation. (Compl. ¶¶ 99-111.) Plaintiff's allegation of specific harm is that one of his clients returned a policy, sometime between August 13 and October 13, 1999, citing Conseco's financial difficulties. (Pl.'s Opp'n 4-5.)

Even if that action constituted a breach of plaintiff's contract with Conseco, the action would seemingly be barred by the statute of limitations. Although the contract was in force between plaintiff and Conseco until June 15, 2003, if the actions of plaintiff's client constituted a breach, the action would accrue at that time the policy was returned. (Conseco's Mot. for Summ. J. Ex. 18.) Plaintiff did not file his complaint until December 7, 2005. However, Conseco counterclaimed. For the reasons discussed, Conseco's counterclaim accrued on June 15, 2003. Because the statute of limitations is four years, the two claims co-existed and plaintiff's breach of contract claim survives as an offset to Conseco's contract counterclaim. CAL CIV. PROC. CODE § 431.70 (2001); Davis & Cox v. Summa Corp., 751 F.2d 1507, 1521-22 (9th Cir. 1985).

However, plaintiff's breach of contract claim against Conseco must fail for a different reason. All of plaintiff's arguments, which center around poor fiscal management, do not involve the conduct of any of the defendants in this action. (Conseco's Reply & Opp'n 11-14.) None of the named defendants engaged in activities that forced them to file bankruptcy, or

13

"took on" any debt of its parent corporation.  (Kindig Decl.) Plaintiff's contentions concern the conduct of Conseco, Inc., which is a separate corporation from any of the Conseco defendants named in this action.  (Conseco's Reply & Opp'n 12.) Plaintiff presents no contrary evidence or evidence indicating that any of the named defendants engaged in any of the improper fiscal activities of which he complains.  Therefore, the court will grant defendants' motion for summary judgment on plaintiff's third cause of action.

D. <u>Defendant Conseco's Counterclaim: Monies Owed Under the Contract</u>

For the reasons discussed about, Conseco's counterclaim against plaintiff for monies owed is not barred by the statute of limitations.  The date of accrual for Conseco's counterclaim was June 15, 2003, which is the date Conseco terminated the agreement with plaintiff.  Because Conseco filed its counterclaim within four years of that date, the court rejects plaintiff's argument that Conseco's contract counterclaim is barred by the applicable statute of limitations.  Accordingly, the court will deny plaintiff's motion for summary judgment.

Conseco also moves for summary judgement with respect to its counterclaim.  As noted above, plaintiff disputes the amount of the debt.  Plaintiff's complaint with Conseco's record of his account concerns whether the "chargeback" in April 2001 was legitimate.[6] (Gonsalves Opp'n Decl. ¶ 4.)  Plaintiff disputes

---

[6] A "chargeback" occurs when an agent sells a policy, receives a commission, and the customer to whom the agent sold the policy subsequently returns the policy within the appropriate

14

defendants' explanations and denied the return of any of the polices that he sold in 2000 and 2001.  (Id. ¶¶ 5-6).  Plaintiff specifically argues that a letter sent by a Conseco debt management officer in August, 2003 does mention that his debt results from any "chargebacks."  (Id. citing Ex. 2.)  This creates a disputed material fact; however, the material dispute is not whether Gonsalves owes a debt, but rather the amount of the debt.  Accordingly, the court will grant partial summary judgment for Conseco as to the fact that a debt was owed, but the amount is a disputed question of material fact, which will have to await jury determination.

        IT IS THEREFORE ORDERED that:

        (1) the motions of Conseco and Lucas for summary judgment on the first and second causes of action of plaintiff's complaint be, and the same hereby are, DENIED;

        (2) Conseco's motion for summary judgment on the third cause of action of plaintiff's complaint be, and the same hereby is GRANTED;

        (3) Conseco's motion for summary judgment on its counterclaim be, and the same hereby is, GRANTED, as to the fact of the debt, but the exact amount of the debt remains a triable issue of fact;

        (4) Lucas' motion for reconsideration of the court's previous denial of Lucas' motion for summary judgment be, and the same hereby is, DENIED; and

        (5) plaintiff's motions for summary judgment on

---

time period.  The agent must surrender the commission that s/he received.

1  Conseco's counterclaim and the first cause of action of
2  plaintiff's complaint be, and the same hereby are, DENIED.
3  DATED:  November 29, 2006

        *[signature]*
        WILLIAM B. SHUBB
        UNITED STATES DISTRICT JUDGE

16