UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

VICTOR A. GONSALVES,

        Plaintiff,

v.

CONSECO INSURANCE COMPANY, formerly known as CONSECO ANNUITY ASSURANCE COMPANY, CONSECO SERVICES, LLC, CONSECO MARKETING, LLC, DARIN LUCAS, and DOES 1 to 200 inclusive,

        Defendants

NO. CIV. S-06-0058 WBS KJM

<u>ORDER RE: MOTION FOR SUMMARY JUDGMENT</u>

----oo0oo----

Currently before the court is defendants Conseco Insurance Company (formerly known as Conseco Annuity Assurance Company), Conseco Services, LLC, and Conseco Marketing, LCC's (collectively, "Conseco")[1] motion for summary judgment with respect to plaintiff Victor A. Gonsalves' causes of action for

---

[1] The other named defendant, Darin Lucas, is not a part of the instant motion.  Unless otherwise noted, "defendants" will be used throughout this order to identify the three Conseco defendants.

1

defamation and intentional infliction of emotional distress.

I.   Factual and Procedural Background

On or about May 4, 1999, plaintiff entered into a written contract with defendants to work as an independent contractor selling insurance and annuity policies and certificates. (Compl. ¶ 102.) Plaintiff was terminated from his employment on or about June 15, 2003. (Compl. ¶ 15). Defendants subsequently sent plaintiff a demand for payment in the amount of $13,718.70 for an outstanding debit balance stemming from withheld commissions and erroneous payments.[2] (Wilson Decl. ¶ 3.) Plaintiff disputed the alleged debt and refused to make any payment. (Compl. ¶ 17).

On January 19, 2005, defendants posted plaintiff's name and Social Security number on a website maintained by Vector One, a company that permits subscribers to report an insurance agent who left employment with an outstanding debit balance for commissions. (Wilson Decl. ¶ 52.) On February 16, 2005, plaintiff filed a complaint in Placer County Superior Court ("the Placer action") against defendants based on multiple claims that they were responsible for falsely reporting him to Vector One. (Defs.' Mot. for Summ. J. 9.) After the Placer County court sustained defendants' general demurrers to all of plaintiff's claims against them--some with, and some without, leave to amend--plaintiff failed to timely file an amended complaint. (Id. at

---

[2] Specifically, defendants contend that because one of plaintiff's clients had terminated his policy and plaintiff did not return the commission, and because defendants themselves had overpaid plaintiff by entering three payments for one transaction, plaintiff is in possession of monies that rightfully belong to defendants. (Wilson Decl. ¶ 3.)

2

11.)  Rather, on September 26, 2005, plaintiff voluntary dismissed his lawsuit against defendants "without prejudice." (Id.)

Plaintiff filed a new complaint against defendants in Sacramento County Superior Court on December 7, 2005 ("the Sacramento action"), arising out of the same circumstances that were the subject of the Placer action. (Id.) In the new complaint, plaintiff alleges causes of action that essentially mirror those in the Placer action, including defamation and intentional infliction of emotional distress.[3] (Compl. ¶¶ 1-98.)

On January 9, 2006, defendants removed the Sacramento action to this court on the basis of diversity jurisdiction. (Defs.' Notice of Removal.)  In addition, defendants filed a motion in the Placer action for an order vacating plaintiff's voluntary dismissal "without prejudice" of his prior lawsuit.[4] (Defs' Mot. for Summ. J. 12.)  On February 22, 2006, the Placer County court granted defendants' motion vacating plaintiff's voluntary dismissal "without prejudice" and thereby dismissing plaintiff's lawsuit "with prejudice." (Id. at 12-13.)  In light of the holding in the Placer action, defendants filed an answer

---

[3] Plaintiff also asserted a breach of contract cause of action against the defendants, therein blaming his loss of clientele on defendants' purported financial difficulties. (Compl. ¶¶ 105-07.) Because plaintiff presented no evidence indicating that any of the named defendants engaged in the improper fiscal activity he alleged, this court previously granted defendants' motion for summary judgment on that cause of action.  (Nov. 29, 2006 Order.)

[4] "The court may dismiss the complaint as to that defendant when . . . after a demurrer to the complaint is sustained with leave to amend, the plaintiff fails to amend within the time allowed by the court and either party moves for dismissal."  Cal. Code Civ. Proc. § 581(f)(2).

3

in the Sacramento action that included an affirmative defense asserting plaintiff's lawsuit is barred by res judicata. (Id. at 13.) While he continued to pursue the Sacramento action, however, plaintiff filed a notice of appeal from the dismissal in the Placer action. (Id.) On March 12, 2007, the California Third District Court of Appeal affirmed the trial court's dismissal of the lawsuit "with prejudice." Gonsalves v. Conseco Ins. Co., No. C052351, 2007 WL 731412, at *4 (Cal. App. 3d Dist. Mar. 12, 2007). Plaintiff then filed a petition for review of the Court of Appeal's decision with the California Supreme Court, which was denied on June 15, 2007.

Defendants now move for summary judgment on plaintiff's only remaining causes of action--defamation and intentional infliction of emotional distress. Defendants contend that because plaintiff is seeking to relitigate claims against defendants that were the subject of the Placer action, plaintiff's action should be barred by res judicata.

II. Discussion

As a preliminary matter, the court notes that plaintiff failed to oppose defendants' motion for summary judgment. Consequently, under Local Rule 78-230(c), plaintiff is not entitled to be heard at oral argument in opposition to the motion. The absence of an opposition does not, however, independently justify granting the motion (Henry v. Gill Indus., Inc., 983 F.2d 943, 949-50 (9th Cir. 1993)), but since plaintiff failed to oppose defendants' factual assertions, the court is entitled to accept them as true. Lyons v. Security Pacific Nat. Bank, 40 Cal. App. 4th 1001, 1014 (Cal. App. 2d Dist. 1995).

The doctrine of res judicata precludes parties or their privies from relitigating a cause of action that has been finally determined by a court of competent jurisdiction. <u>Mycogen Corp. v. Monsanto Co.</u>, 28 Cal. 4th 888, 896-97 (Cal. 2002). The Federal Full Faith and Credit Statute, 28 U.S.C. § 1738, requires that a federal court give to a state court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered. <u>Migra v. Warren City School Dist. Bd. of Educ.</u>, 465 U.S. 75, 81 (1984). Under California law, res judicata may bar an action if "(1) the decision in the prior proceeding is final and on the merits; (2) the present proceeding is on the same cause of action as the prior proceeding; and (3) the parties in the present proceeding or parties in privity with them were parties to the prior proceeding." <u>Fed'n of Hillside & Canyon Ass'ns v. City of Los Angeles</u>, 126 Cal. App. 4th 1180, 1202 (Cal. App. 2d 2004). Because both plaintiff and defendants were formerly parties in the Placer action,[5] the court's analysis is limited to the first

---

[5] The fact that one of the three Conseco defendants in the instant action, Conseco Marketing, L.L.C., was not explicitly listed as a party to the Placer Action does not prevent it from asserting the res judicata effect of that dismissal. Conseco Marketing, L.L.C.'s company standing is likely sufficient to assert privity with its fellow co-defendants. <u>See</u> <u>Bernhard v. Bank of America Nat'l Trust & Sav. Asso.</u>, 19 Cal. 2d 807, 812 (Cal. 1942) ("A privy is one who, after rendition of the judgment, has acquired an interest in the subject matter affected by the judgment through or under one of the parties."). In the alternative, courts in most jurisdictions have either abandoned or recognized a broad exception to the requirements of mutuality and privity where the liability of the defendant(s) asserting the pleas of res judicata "is dependent upon or derived from the liability of one who was exonerated in an earlier suit brought by the same plaintiff upon the same facts." <u>Id.</u> at 812-13 ("Just why a party who was not bound by a previous action should be

5

two inquiries.

### A. Final Decision on the Merits

It is well-settled that the trial court' dismissal "with prejudice" in the Placer action is a decision on the merits that invokes the principles of res judicata. <u>Rice v. Crow</u>, 81 Cal. App. 4th 725, 733-34 (Cal. App. 2d Dist. 2000). Because plaintiff subsequently appealed the "dismissal with prejudice," the trial court's judgment was not final and would not be given full res judicata effect until plaintiff's appeals were settled in defendants' favor. <u>Sandoval v. Superior Court</u>, 140 Cal. App. 3d 932 (Cal. App. 5th Dist. 1983). Thus, defendants properly waited for the Court of Appeal's affirmation and the California Supreme Court's subsequent denial of plaintiff's petition for review before they moved for summary judgment based on res judicata. Accordingly, the Placer action's dismissal with prejudice is now final and on the merits and will be given full res judicata effect.

### B. Same Causes of Action

As a result of the dismissal "with prejudice," plaintiff is precluded from relitigating any causes of action in his current suit that were initially asserted in the Placer action. <u>Mycogen</u>, 28 Cal. 4th at 896-97. To determine whether two proceedings involve the same cause(s) of action, California uses the "Primary Right Theory." <u>Nicholson v. Fazeli</u>, 113 Cal. App. 4th 1091, 1100 (Cal. App. 6th Dist. 2003). Under this theory, a cause of action is comprised of a primary right of the

---

precluded from asserting it as res judicata against a party who was bound by it is difficult to comprehend.").

plaintiff, a corresponding primary duty of the defendants, and a wrongful act by the defendant constituting a breach of that duty. Id.

Plaintiff's complaint in the Placer action listed multiple causes of action alleging foul play on the part of defendants in falsely reporting him to the Vector One website. In the Sacramento action, plaintiff's remaining allegations against defendants are causes of action for defamation and intentional infliction of emotional distress.  With regard to the latter, plaintiff explicitly alleged a cause of action for intentional infliction of emotional distress in the Placer action.  Accordingly, plaintiff is precluded from alleging this cause of action in the Sacramento action.

In contrast, plaintiff did not explicitly allege a cause of action for defamation in the Placer action.  However, plaintiff did allege--in nearly identical fashion to his cause of action for defamation in the Sacramento action--that defendants' posting of plaintiff's name on the Vector One website constituted a violation of California Labor Code, §§ 1050 and 1054, which together provide relief to employees whose ability to obtain employment is impaired by misrepresentations made by their former employers.[6]

---

[6] In its entirety, § 1050 provides that "[a]ny person, or agent or officer thereof, who, after having discharged an employee from the service of such person or after an employee has voluntarily left such service, by any misrepresentation prevents or attempts to prevent the former employee from obtaining employment, is guilty of a misdemeanor."  Cal. Lab Code § 1050. Section 1054 further states that "[i]n addition to and apart from the criminal penalty provided any person or agent or officer thereof, who violates any provision of sections 1050 to 1052,

7

1           Regardless of whether plaintiff frames his claim as
2  defamation or statutory misrepresentation under the Labor Code,
3  the primary right invoked in both actions--injury to
4  reputation--remains the same.  See Walker v. Boeing Corp., 218 F.
5  Supp. 2d 1177, 1185 n.4 (C.D. Cal. 2002) (noting that because the
6  underlying injuries are essentially indistinguishable, a party's
7  "[California] Labor Code section 1050 claims are similar to
8  claims for defamation"); Fed'n of Hillside & Canyon Ass'ns v.
9  City of Los Angeles, 126 Cal. App. 4th 1180, 1202 (Cal. App. 2d
10 Dist. 2004) (holding that a primary right is "the right to be
11 free from a particular injury, regardless of the legal theory on
12 which liability for the injury is based").

13          Specifically, plaintiff's alleged injury in the Placer
14 action was that he was prevented from obtaining employment
15 because prospective employers saw his name on the Vector One
16 website.  In turn, defendants' alleged wrong in that action was
17 the posting of plaintiff's name on the website.  Both the
18 purported injury and the wrongful act are duplicated in
19 plaintiff's complaint in the Sacramento action.  Thus, the fact
20 that plaintiff now attempts to recast his claim as a cause of
21 action for defamation is insufficient to evade the underlying
22 purpose of res judicata.  See Rynsburger v. Dairymen's Fertilizer
23 Co-op., Inc., 266 Cal. App. 2d 269, 276-77 (Cal. App. 4th Dist.
24 1968) (finding that the rule of res judicata should not be
25 defeated by minor differences of form, parties, or allegations
26 when these are contrived only to obscure the real purpose--a

---

28 inclusive, is liable to the party aggrieved, in a civil action, for treble damages."  Cal. Lab. Code § 1054.

second trial of the same cause between the same parties). Accordingly, plaintiff's causes of action for defamation and intentional infliction of emotional distress are precluded by res judicata.

    IT IS THEREFORE ORDERED that defendants' motion for summary judgment on plaintiff's causes of action for defamation and intentional infliction of emotional distress be, and the same hereby is, GRANTED.

DATED:   September 28, 2007

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE